#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | No. 15-2 |
| | : | |
| **MICHAEL GOLDNER** | : | |

### MEMORANDUM

**McHUGH, J.**                                                                                                    **December 22, 2022**

18 U.S.C. § 3565(c) provides that the power of a district court to revoke a sentence of probation "extends beyond the expiration of the term of probation . . . if, before its expiration, a warrant or summons has been issued." The question presented by this case is what suffices as a "summons" to preserve the jurisdiction of the Court.

Defendant Michael Goldner pleaded guilty to wire fraud and tax evasion and was given a sentence of probation to facilitate his restitution to victims. As the expiration date approached, the Government advised the Court that Mr. Goldner faced new charges for tax evasion. Before his term of probation expired, a notice was issued for Mr. Goldner to appear and address the alleged violations. Separately, he was served with an amended petition. A hearing was held before his sentence expired, at which the parties jointly agreed that consideration of any probation violation should be deferred until after a resolution of the new criminal charges against the Defendant. Mr. Goldner proceeded to stand trial on those charges, was found guilty, and sentenced to a term of incarceration.

Another hearing with respect to violation of probation was then scheduled, but Goldner objected, filing a Motion to Dismiss Revocation Proceedings and arguing that the notice issued before revocation of his term did not qualify as either a "warrant" or "summons" under Section

3565. After hearing argument, I denied this motion from the bench and sentenced Mr. Goldner to a term of imprisonment for having hidden and diverted income from the restitution of victims, a clear violation of the terms of his probation. This memorandum supplements my explanation of the basis on which I denied the motion.

I. **Factual Background**

On July 20, 2016, Michael Goldner was sentenced to a term of 5 years' probation, with a special condition of one year confinement in a residential reentry program, and the obligation to pay restitution in the amount of $4,986,266.00. Other special conditions required that Mr. Goldner establish a budget and that a minimum of 50% of his gross income be allocated to the restitution of victims.

While under supervision, Mr. Goldner was initially compliant and made significant restitution payments. As supervision progressed, however, the Probation Office reported concerns that led to two hearings, at which Mr. Goldner was cautioned about his behavior but probation was not revoked. On June 11, 2021, however, the Probation Office filed an amended report, requesting that it be made part of the record to supplement its prior reports. In it, Mr. Goldner was accused of an ongoing course of criminal conduct that was the foundation for the new charges against him. Among other things, the report charged that:

> From on or about January 4, 2016 through on or about December 31, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant MICHAEL GOLDNER willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 2013-2017, by committing the following affirmative acts, among others: (a) directed Midtown Resources to deposit compensation into a bank account in his wife's name; (b) cashed checks written to him at the bank where the funds were held; and (c) arranged to have Midtown Resources pay personal expenses for him, including the mortgage on the house where his family resided, rent for an apartment where he resided; service for his pool, dance classes for his daughter, a vacation for his family, and payments toward the restitution defendant GOLDNER owed from the judgment in criminal case number 15-002; (d) filed

tax returns for the years 2016 and 2017 that failed to report compensation and expenses that Midtown Resources paid on his behalf. In violation of Title 26, United States Code, Section 7201.

ECF 63, p. 4.

On May 12, 2021, even before filing its amended report, the Probation Office requested the Court to issue a notice of violation and schedule a hearing. The Court proceeded to docket the notice typically used in the Eastern District of Pennsylvania to advise a defendant that a violation was being charged. The notice directed the Defendant to appear and answer at a hearing before the Court, with a reminder of the right to counsel:

**NOTICE**

TAKE NOTICE, That Petition of the Probation Officer charges you with certain violation which may warrant revocation of your probation.
You are directed to appear at the United States Courthouse, 601 Market Street, Phila., PA on June 22, 2021, at 11:30 a.m. in Courtroom 9-A, at which time you will be given a hearing on the charges.
You may have legal counsel present at the hearing if you so desire, in which event you should make appropriate arrangements with your attorney.

ECF 62.

The hearing proceeded on June 22, 2021, before the Defendant's term of probation expired. The Government represented that it was prepared to go forward and to prove Mr. Goldner's violation, ECF 65, p. 6-7, but volunteered a concern that with new charges pending against him in this Court, Criminal Action No. 21-229,[1] Mr. Goldner was placed at a disadvantage and there was a risk of prejudicing his rights if the hearing went forward. ECF 75, p. 6. Mr. Goldner's attorney agreed, *id.* at 8-9, and the parties jointly proposed that consideration of the revocation petition should be delayed until after a resolution. *Id.* at 10-11. Mr. Goldner's counsel raised no objection to the validity or legal effect of the notice apprising his client of the violation of probation alleged.

---

[1] This action was assigned to the Honorable Mark Kearney, who presided over the trial and imposed the sentence.

The Court asked the Government to confirm in writing its continuing jurisdiction over the violation petition after the order of probation expired, and the Government did so in a letter to the Court, copied to defense counsel. ECF 71-8. The letter stated: "[i]n this case, a summons has been issued on the basis of the defendant's alleged violations of probation." *Id*. Defense counsel did not challenge the Government's assertion that the notice to appear issued May 12, 2021, was a "summons."

Mr. Goldner now contends that the notice was not a summons, and on that basis seeks to dismiss the proceedings against him for lack of jurisdiction.

## II.      Discussion

The principal support for Defendant's argument is *United States v. Merlino*, 785 F.3d 79 (3d Cir. 2015). There, as the expiration date for a defendant's supervised release approached, the district court entered an order directing that a summons be prepared for service on the defendant. Separately, a deputy clerk called defense counsel seeking a convenient hearing date for the parties. The court was asked to defer scheduling, and the term of supervised release expired before a notice of hearing was issued.[2] Merlino then argued that the court lacked jurisdiction over his revocation proceedings because no warrant or summons had been issued before his term of supervised release expired. In the context of supervised release, a divided panel of the Third Circuit held that Section 3583(i)[3] is jurisdictional, and because no summons was issued by the court *before* the term of supervised release had expired, the district court lacked the power to adjudicate the revocation petition.

---

[2] The notice issued was substantially the same as the notice in this case, *id*. at 81 n. 1, except that the Probation Officer's petition was attached to the notice, whereas in this case it followed later.

[3] The language of the provision at issue in this case, § 3565(c) parallels the language of § 3583(i), except that it deals with probation rather than supervised release.

4

The scope and precedential value of *Merlino* is limited. An opinion by Judge Vanaskie announced the judgment of the court. Judge Ambro issued a concurring opinion in which he stated both at the beginning and at the end that he was concurring in the result. *Id*. at 88, 94. Judge Shwartz filed a dissenting opinion in which she stated that although she agreed that Section 3583 is jurisdictional, she considered the combination of the court's order directing the issuance of a summons and the communication with defense counsel sufficient to meet the requirements of the statute. As I read *Merlino,* there was a clear majority consensus only on two points: Section 3583 is jurisdictional, and the failure to issue a "summons" or "warrant" before a term expires eliminates the court's power to act. But the combination of Judge Ambro's concurrence in the result and Judge Shwartz' dissent leads me to conclude that the Circuit has not definitively answered the separate question presented by this case: what is required to comply with the requirement that a warrant or summons be issued under Section 3583? Consequently, although both sides cite *Merlino* as "binding precedent" that supports their respective positions, I have a more nuanced view of its significance.

That having been said, the *dicta* in Judge Vanaskie's opinion lends more support to the Government's view.[4] And my own independent analysis leads me to conclude that the notice here, later supplemented with the specifics of the violation in the Probation Office's amended report – both of which were issued before Defendant's term of probation expired – suffice to meet the requirement of Section 3565. Furthermore, any deficiencies in the notice and report would be technical in nature, and not fatal to this Court's continued jurisdiction.

The term "summons" is not defined by Section 3565. For that matter, it does not appear to be defined anywhere within the United States Code. Judge Vanaskie noted that 18 U.S.C. §

---

[4] Judge Vanaskie's opinion frequently uses the word "we," but Judge Ambro explicitly "concur[s] with the result set out in Judge Vanaskie's opinion." *Id*. at 88.

5

3046 directs the reader to Rules 4 and 9 of the Federal Rules of Criminal Procedure, but simultaneously noted that they "lacked controlling weight in this context."  *Merlino*, 785 F.3d at 86.  He therefore focused on what he characterized as the "textbook definition" of a summons which "'requir[es] the defendant to appear and answer,'" citing *Black's Law Dictionary* 1665 (10th ed. 2014).  *Id.*  Judge Vanaskie went on to observe that § 3583(i), like § 3565(c) in this case, requires that a summons or warrant be "issued," *id.* at 87, which *Black's Law Dictionary* further defines as "[t]o be put forth officially."  *Black's Law Dictionary* at 960 (11th ed. 2019).

      Here, the notice issued to both Mr. Goldner and his counsel began with the admonition "TAKE NOTICE" that a petition from probation "charges you with certain violation [sic] which may warrant revocation of your probation."  The notice continued to advise Mr. Goldner that he was "directed to appear" on June 22, 2021, at 11:30 AM, "at which time you will be given a hearing on the charges."  The notice concludes by reminding him "[y]ou may have legal counsel present at the hearing if you so desire."  In my view, this is sufficient to meet the requirement of a summons.  There is no material difference between Mr. Goldner being "directed" to appear or being "summoned" to appear.  Indeed, the terms are considered synonyms.  *Roget's 21st Century Thesaurus* (3rd ed. 2013).[5]  The notice specifically advised him of charges that could result in his revocation, and a time and place for hearing are specified, with a reminder of the right to counsel.  As to whether it was "issued," the document is "official" in that it bore the signature of my Deputy Clerk and was filed on the docket.  ECF 62.

      Admittedly, the notice did not set forth the specific conduct alleged, but it was supplemented by an "Amended Violation of Probation" served upon the Defendant and his counsel 10 days before the scheduled hearing.  ECF 63.  Mr. Goldner was clearly under the jurisdiction of

---

[5] https://www.thesaurus.com/browse/summon, last accessed December 20, 2022.

this Court at the time both the notice and the Amended Violation were served, and it cannot be seriously disputed that he was commanded to appear to answer to a charge of violation by means of two related documents formally incorporated into the record before his term expired.

At argument, defense counsel conceded that the title of a legal document is not controlling, and that the substance of the notice issued to Mr. Goldner would meet the requirements of a summons except for a single deficit: the lack of any factual basis for the violation in the notice itself.  ECF 80, Motion Hearing Transcript at p. 18 ¶¶ 16-25, p. 19 ¶¶ 1-12.  Although the facts were fully set forth in the supplemental filing of the Probation Office *while* the Defendant was still under supervision and before the June 2021 revocation hearing, the defense asserts that the failure to set forth the factual basis for the violation in the notice itself disqualifies the notice from serving as a summons under Section 3565.

As support for this argument, Defendant focuses on the role that a summons traditionally plays as a "case-initiating" document.  Specifically, he cites *Niz-Chavez v. Garland,* ___ U.S. ___, 141 S. Ct. 1474 (2021), a case addressing a procedure for computation of time established by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.  Under the Act, once a non-citizen is served with a notice to appear before immigration authorities, their continued presence in the United States does not count as credit against the ten years required by statute to apply for permanent resident status.[6]

In *Niz-Chavez,* the petitioner received two separate notices, one charging that his presence in the United States was unlawful, and a second setting a hearing date.  The Court concluded that § 1229(a)(1) of the Act required a single notice containing all the relevant information in a single document.  In doing so, the Court emphasized that the notice functioned as a "case-initiating"

---

[6] *See* 8 U.S.C. § 1229b(b)(1).

document that "serves as the basis for commencing a grave legal proceeding. . . . it is 'like an indictment in a criminal case [or] a complaint in a civil case.'" *Niz-Chavez*, 141 S. Ct. at 1482.

Defendant here summarily characterizes the notice of violation as a "case-initiating" document controlled by *Niz-Chavez* but fails to explain why the Supreme Court's reasoning there should extend to a pending proceeding. Mr. Goldner did not need to be indicted or arraigned, and the violation was not filed under a separate case number. By its very nature, the violation referred to and was part of an existing case. And the defense ignores the context of *Niz-Chavez*. The Court was considering a single provision of a statute governing the specialized area of immigration law. It recognized the unfairness of allowing immigration authorities "to send a person who is not from this country—someone who may be unfamiliar with English and the habits of American bureaucracies—a series of letters . . . over the course of weeks, months, maybe years, each containing a new morsel of vital information," *id.* at 1485, and concluded its opinion by emphasizing that the notice procedure conferred an "advantage" on the Government. *Id*. at 1486. And although the Court described the advantage as "procedural," *id.*, the computation of time indisputably has substantive import when a petitioner seeking permanent status must prove ten years of continuous presence in the United States.

In summary, I conclude that the notice issued May 21, 2021, when coupled with the amended petition filed and served on June 11, 2021, both of which occurred while Mr. Goldner remained on probation and under the jurisdiction of this Court, suffice to meet the requirements of § 3565(c).[7]

---

[7] Defendant argues that in rejecting the view expressed in Judge Shwartz' dissent, *Merlino* holds that the requirements of § 3565(c) cannot be met by the "functional equivalent" of a summons. 785 F.3d at 87. That is not inconsistent with the result I have reached here because I have concluded that the notice and amended petition combined constitute a summons and meet the requirements of the statute.

Separately, I am persuaded that any defect here is wholly technical in nature, not one that would defeat the jurisdiction of this Court.

In *Merlino,* Judge Vanaskie also recognized the possibility of equitable tolling where the Government acted to preserve jurisdiction while the defendant was still under the jurisdiction of the court, citing *United States v. English,* 400 F.3d 273 (5th Cir. 2005), where the defect is technical in nature.  In that case, before a defendant's supervised release expired, the district court inadvertently issued a defective warrant bearing the wrong defendant's name.  The Fifth Circuit held that the defect in the warrant was curable, relying upon *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990).  There, the Supreme Court deemed equitable tolling appropriate "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Id*.

The equitable considerations here go well beyond the fact that the government was diligent in pursuing its rights.  Mr. Goldner appeared in response to the notice fully apprised of the nature of the violation against him based upon his receipt of the amended petition, and, while represented by counsel, agreed to defer consideration of the petition pending resolution of the new charges against him.  The government was prepared to proceed, and the procedure adopted was for the purpose of protecting Mr. Goldner's rights.  He raised no challenge to the Court's jurisdiction at the time or to its continuing jurisdiction based upon the two documents with which he had been served.  Nor did his counsel raise any technical objection to the Government's representation in subsequent correspondence that a summons had been issued thereby preserving the Court's jurisdiction.[8]

---

[8] Mr. Goldner is now represented by new counsel.  I imply no criticism of counsel's efforts to dismiss the revocation proceedings, as it is their ethical obligation to zealously represent their client, and they have done so admirably.

9

The defect asserted has no substantive import.  At argument on the current motion, defense counsel conceded that he was not raising an issue of due process, making this literally a case of form over substance.  ECF 80, Motion Hearing Transcript at p. 27 ¶¶ 5-21.  Given the totality of circumstances, it would be singularly inequitable to permit Mr. Goldner to avoid responsibility for his conduct.

/s/ Gerald Austin McHugh
United States District Judge
